# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DONALD SINGLETON, | : | |
| Plaintiff, | : | |
| | | Case No. 3:10-cv-392 |
| vs. | : | |
| | | District Judge Timothy S. Black |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Michael J. Newman |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

This is a Social Security disability benefits appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff Donald Singleton was not entitled to Disability Insurance Benefits ("DIB"). The case is before the Court upon Plaintiff's Statement of Errors (Doc. #7), the Commissioner's Memorandum in Opposition (Doc. #9), and the record as a whole.

## I. BACKGROUND

**A. Procedural History**

Plaintiff filed his DIB application on November 8, 2006, claiming that he has been under a "disability" since October 19, 2006. PAGEID 132-37. Plaintiff claimed to be disabled because of injuries to his lower back, pain in his legs, and difficulties breathing. PAGEID 175-78.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Following initial administrative denials of his application, Plaintiff was granted a hearing before ALJ Thomas R. McNichols II, where he was represented by counsel. PAGEID 57-86. At the hearing, the ALJ heard testimony from Plaintiff and William Braunig, a vocational expert. *Id*. The ALJ issued an unfavorable decision on February 8, 2010. PAGEID 43-52.

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since October 19, 2006, the alleged disability onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: chronic low back pain status post laminectomy with fusion and a history of chronic obstructive pulmonary disease (COPD) (20 CFR 404.1520©).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following limitations: no climbing of ropes, ladders or scaffolds; no more than frequent balancing; only occasional stooping, kneeling, crouching, or crawling; no exposure to hazards or irritants; no repetitive use of foot controls; and the opportunity to alternate between sitting and standing at 30-minute intervals.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
7. The claimant was born on May 7, 1960, and was 46 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a "limited" education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

2

10. Considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 19, 2006, through the date of this decision (20 CFR 404.1520(g)).

PAGEID 45-52.

The Appeals Council thereafter denied Plaintiff's request for review, PAGEID 35-37, making the decision of the ALJ the final administrative decision of the Commissioner. Plaintiff filed his appeal based upon one contention: the ALJ's determination of Plaintiff's credibility was supported by neither substantial evidence nor the applicable Social Security Rulings.

**B. Plaintiff's Vocational Profile and Testimony**

Plaintiff was 46 years old on his alleged disability onset date and therefore considered a "younger individual." *See* 20 C.F.R. §404.1563©; *see also* PAGEID 50. He has past relevant work as a security guard, service man, tire shop worker and warehouse manager. PAGEID 153, 163-68.

At the administrative hearing, Plaintiff testified that he became disabled on October 19, 2006 after having back surgery. PAGEID 63. Prior to the surgery, he was working as a warehouse manager. *Id*. He testified that his employer fired him because he could not return to work at the end of his medical leave. *Id*. Plaintiff has not worked since the surgery. *Id*. He testified that he continues to have constant low back pain, and that the surgery ameliorated his pain only "for a while." PAGEID 64, 68. Plaintiff reported that his pain continues to be at a six out of ten on the pain scale, and that he continues to experience pain in both legs. PAGEID 68-69.

Plaintiff testified that because of his continuing pain, he was referred to a pain management doctor who suggested having a spinal cord stimulator implanted. PAGEID 64. In December 2009,

3

Plaintiff had such a stimulator implanted. PAGEID 68. Plaintiff testified that while the spinal stimulator helps "somewhat," it does not completely alleviate the pain in his legs. PAGEID 65-66; 78. Plaintiff acknowledged that he had received injections for his pain, but has never had physical therapy. PAGEID 65. He testified that pain medication provides relief, and that he does not experience side effects from any of the medication. PAGEID 65-67.

Beyond the pain in his back and legs, Plaintiff testified that he also has a "touch" of asthma and emphysema, which cause him shortness of breath with activity or cold weather. PAGEID 66. He uses inhalers, but has never needed a breathing machine or oxygen. *Id*. Plaintiff indicated that he has been diagnosed with Chronic Obstructive Pulmonary Disease (COPD), but nevertheless continues to smoke approximately one pack of cigarettes per day. PAGEID 74, 77.

Plaintiff testified that he could walk approximately one block before having to stop, stand for fifteen minutes at a time, and sit for twenty to thirty minutes at a time. PAGEID 70. He is able to use his arms, hands, and fingers. *Id*. Plaintiff was restricted to lifting five pounds for the eight weeks following his spinal stimulator implant surgery, but was able to lift 15 to 20 pounds prior to the surgery. PAGEID 70-71.

Regarding his daily activities, Plaintiff testified that he is able to feed, dress and groom himself. PAGEID 74. In a typical week, he drives three or four times; the only reason he does not drive more often is that he simply does not need to. PAGEID 61-62. Plaintiff reported that he cooks, washes dishes, and goes grocery shopping. PAGEID 71-72. He also indicated that although he is able to sweep, mop, and vacuum, his wife typically performs these chores. *Id*. Plaintiff testified that he regularly attends church on Sundays and occasionally goes on Wednesdays. PAGEID 72. He

visits friends on occasion. *Id*. He also takes his daughter to school every day, and watches her in the afternoons after school. PAGEID 74-75.

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence and if the correct legal criteria were employed by the ALJ. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Id*. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

### B. Establishing the Existence of a Disability

To qualify for DIB, Plaintiff must meet certain insured status requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C. §§ 416(l), 423. Establishment of a disability is contingent upon two findings: (1) Plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months; and (2) the impairments must render Plaintiff unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d).

Regulations promulgated by the Commissioner establish a sequential evaluation process for disability determinations. 20 C.F.R. § 404.1520. First, the Commissioner determines whether the individual is currently engaging in substantial gainful activity; if so, a finding of non-disability is made and the inquiry ends. *Id*. Second, if the individual is not currently engaged in substantial gainful activity, the Commissioner must determine whether the individual has a severe impairment or combination of impairments; if not, then a finding of non-disability is made and the inquiry ends. *Id*. Third, if the individual has a severe impairment, the Commissioner must compare it to those in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. If the impairment meets or equals any within the Listings, disability is presumed and benefits are awarded. 20 C.F.R. § 404.1520(d). If Plaintiff suffers from an impairment which meets or equals one set forth in the Listings, the Commissioner is to render a finding of disability without consideration of plaintiff's age, education, and work experience. 20 C.F.R. § 404.1520(d); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981). Fourth, if the individual's impairments do not meet or equal those in the Listings, the Commissioner must determine whether the impairments prevent the

performance of the individual's regular previous employment. *Id*. If the individual is unable to perform the relevant past work, then a *prima facie* case of disability is established and the burden of going forward with the evidence shifts to the Commissioner to show that there is work in the national economy which the individual can perform. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048 (6th Cir. 1983).

A claimant has the burden of establishing disability by a preponderance of the evidence. *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990). Once a claimant establishes a *prima facie* case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that Plaintiff can perform other substantial gainful employment, and that such employment exists in the national economy. *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999). To rebut a *prima facie* case, the Commissioner must come forward with particularized proof of the claimant's individual capacity to perform alternate work considering the claimant's age, education, and background, as well as the job requirements. *O'Banner v. Sec'y of H.E.W.*, 587 F.2d 321, 323 (6th Cir. 1978).

### III. OPINION AND ANALYSIS

#### A. The ALJ's Determination of Plaintiff's Credibility Is Supported By Substantial Evidence.

For his sole assignment of error, Plaintiff claims that the ALJ erred in evaluating his pain, credibility, and subjective complaints pursuant to Social Security Ruling 96-7p.[2] Plaintiff asserts, *inter alia*, that the ALJ erred in failing to find him disabled based on the pain caused by his physical impairments. Plaintiff further alleges that the ALJ misstated Plaintiff's daily activities in assessing

---

[2]SSR No. 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186.

his credibility. For the reasons that follow, the Court finds Plaintiff's assignment of error without merit.

A claimant must present more than his subjective complaints of disabling symptoms in order to establish the existence of a disability. *See* 20 C.F.R. § 404.1529 ("statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings...."); SSR 96-7p ("No symptom or combination of symptoms can be the basis of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."). When evaluating pain or other symptoms, the Commissioner's Regulations require ALJs to consider all the evidence including medical history, medical signs and laboratory findings, the claimant's statements, and treating and other medical source opinions. 20 C.F.R. § 404.1529(c)(1); SSR 96-7p.

Here, the ALJ discussed all the relevant evidence of record and identified the requisite credibility factors. Contrary to Plaintiff's claim, in evaluating his RFC to perform work-related activities, the ALJ properly considered Plaintiff's subjective complaints, but reasonably found them to be not fully credible or supported by the record. PAGEID 47-50. Notably, the ALJ found that while "the claimant's medically-determinable impairments could reasonably be expected to cause the alleged symptoms[,] [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment...." PAGEID 48. In support of his findings, the ALJ pointed to Plaintiff's own testimony, including his self-admitted ability to drive three to four hours per week; stand for fifteen minutes at a time; sit for twenty to thirty minutes at a time; use his arms, hands, and fingers; slowly

8

climb steps; occasionally visit friends and relatives; perform household chores such as cooking, wishing dishes, and grocery shopping with his wife; attend church every Sunday and occasionally on Wednesdays; watch and play with his five year-old daughter while his wife is at work; take his daughter to and from school every day; and watch television and movies. PAGEID 48-49; *see also* PAGEID 61-81. Based upon Plaintiff's testimony, the ALJ reasonably found that "[w]hile the claimant may have limitations, even if his allegations are taken at face value, they are not representative of someone who is completely disabled." PAGEID 49.

In addition, the ALJ included his own observations of Plaintiff at the administrative hearing in considering Plaintiff's credibility. The ALJ noted that Plaintiff did not use an ambulation aid, and that Plaintiff "had no difficulty sitting or rising and showed no other signs of pain or other distress" during the hearing. *Id*. Furthermore, the ALJ observed that Plaintiff had no difficulty sitting through the entire hearing, which lasted approximately thirty minutes. *Id*.

The ALJ also found that the objective data in the record did not support Plaintiff's complaints, noting that "there is no adequate objective medical evidence to support [Plaintiff's claim of] disabling pain...." PAGEID 50. Specifically, the ALJ's examination of the medical records revealed Plaintiff's back surgery in November 2006 to be successful given the post-surgery medical records from December 2006 and February 2007, which reported that Plaintiff was "doing fairly well," "his pain has significantly improved from what it was preoperatively," his "x-rays look excellent with evidence of a solid fusion," and "his "activity level was increased." PAGEID 264-71; *see also* PAGEID 49. In addition, examinations of Plaintiff's musculoskeletal system in 2009 revealed generally normal findings, and also show there was no kyphosis, scoliosis, or vascular compromise. PAGEID 340-50. His grip strength measurements were within normal limits, and he

9

had no atrophy. *Id*. The ALJ further noted "there was testimony that once the stimulator was implanted, there was some additional improvement." PAGEID 49; *see also* PAGEID 65-66.

Moreover, the ALJ appropriately considered the significant gaps in Plaintiff's medical records to be relevant in assessing his credibility. The ALJ noted that the record is devoid of any medical reports or treatment records between early 2007 through mid-2009. PAGEID 50. While Plaintiff testified that his daily level of pain was generally an eight out of ten prior to the spinal stimulator being implanted, there are no medical records of any treatment between an April 2007 visit to his family doctor and his first visit to a pain-management physician in May 2009. *See, e.g.,* PAGEID 207, 304, 343. Consequently, this Court agrees with the ALJ that such a large gap in treatment undermines Plaintiff's allegation that his pain was debilitating.[3]

Ultimately, the ALJ found that "[t]he claimant's statements concerning his impairments and their impact on his ability to work are inconsistent with the record as a whole and not entirely credible." PAGEID 50. Based upon the evidence contained in the record and Plaintiff's testimony at the hearing, the ALJ properly made a credibility assessment and weighed the medical evidence and testimony accordingly.

---

[3]The ALJ also considered the credibility of Plaintiff's limitations due to his shortness of breath by noting his non-compliance with treatment advice by continuing to smoke a pack of cigarettes daily, despite being diagnosed with COPD and asthma. PAGEID 50. Thus, any claim of disability due to COPD or asthma is similarly undermined by Plaintiff's smoking. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988)(holding "[i]f the claimant in this case chooses to drive himself to an early grave, that is his privilege but if he is not truly disabled, he has no right to require those who pay social security taxes to help underwrite the cost of his ride.").

## B. The ALJ's Determination of Plaintiff's Credibility Is Entitled To Deference.

The Sixth Circuit has long held that an ALJ's findings concerning the credibility of a claimant's testimony about his pain or other symptoms "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Accordingly, an ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [claimant] are reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003); *see also Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996) (holding that the ALJ was not obligated to fully credit the claimant's allegations of disabling pain when claimant was not credible).

Here, substantial evidence supports the ALJ's credibility assessment. Based upon the inconsistencies between the objective medical evidence and Plaintiff's testimony about the extent of his pain and limitations, the significant gap in Plaintiff's medical treatment, and the ALJ's own observations of Plaintiff during the hearing, the Court finds that it was permissible for the ALJ to discredit Plaintiff's testimony about the severity of his symptoms. Moreover, Plaintiff's medical records, where they exist, contain a notable lack of objective medical evidence supporting his subjective complaints of pain. The Sixth Circuit has opined that, "[t]he absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis. *Walters*, 127 F.3d at 531. The ALJ properly recognized the factors that the regulations require to be considered in evaluating a claimant's credibility with regard to their pain.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p. Consequently, the ALJ's determination of Plaintiff's credibility is entitled to great weight and deference, and should not be disturbed by the Court.

### IV. RECOMMENDATION

For the foregoing reasons, the Court finds Plaintiff's assignment of error is without merit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's final non-disability determination be AFFIRMED; and
2. The case be terminated on the docket of this Court.

November 4, 2011

s/ **Michael J. Newman**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), ©, or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report & Recommendation objected to and shall be accompanied by a memorandum in support of the objections. If the Report & Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).